UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| INFINITE MASTER MAGNETIC, aka Jesse Jerome Pointer,<br><br>　　　　　　　　　　Plaintiff,<br>　v.<br>JUDGE TOGGLIOTI, et al.,<br><br>　　　　　　　　　　Defendants. | Case No. 2:16-cv-00638-JCM-PAL<br><br>**ORDER**<br><br>(IFP Apps. – Dkt. #5, #6) |

　　　This matter is before the Court on the Applications to Proceed In forma Pauperis (Dkt. #5, #6) filed by Plaintiff Infinite Master Magnetic, "physically held as" Jesse Jerome Pointer.  These Applications are referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) and LR IB 1-3 and 1-9 of the Local Rules of Practice.

　　　Plaintiff is proceeding in this action *pro se*.  He submitted a Complaint (Dkt. #1-1) as part of his initiating documents, but did not pay the $400.00 filing fee or submit an application to proceed *in forma pauperis* ("IFP").  *See* Order (Dkt. #4).  The Court therefore ordered Plaintiff to complete an IFP application and submit the form to the Court on or before April 28, 2016.  *Id*.  On April 8th, Plaintiff filed his first IFP Application (Dkt. #5) and a second IFP Application (Dkt. #6) on April 11th.  These Applications are essentially identical and lack required information.[1]

---

[1] It appears from the IFP Applications (Dkt. #5, #6) that Plaintiff asked the Clerk of the Court to file the same documents in multiple cases pending in this district, including this case.  Plaintiff has recently filed three cases in this court.  *See Infinite Master Magnetic aka Jesse Jerome Pointer v. Judge Togliotti, et al.*, Case No. 2:16-cv-00638-JCM-PAL; *Infinite Master Magnetic v. State of Nevada, et al.*, Case No. 2:16-cv-00639-JAD-NJK; *Infinite Master Magnetic aka Jesse Jerome Pointer v. State of Nevada, et al.*, Case No. 2:16-cv-00640-MMD-PAL.  Each case is assigned to different district judges.  In order to effectively manage these three independent actions, the Court informs Plaintiff that he should file separate documents in each case.

1

1    The Ninth Circuit has recognized that "there is no formula set forth by statute, regulation, or case law to determine when someone is poor enough to earn IFP status." *Escobedo v. Applebees*, 787 F.3d 1226, 1235 (9th Cir. 2015). An applicant need not be absolutely destitute to qualify for a waiver of costs and fees; nonetheless, he must demonstrate that because of his poverty he cannot pay those costs and still provide himself with the necessities of life. *Adkins v. E.I DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948). An affidavit is sufficient if it states that the plaintiff cannot pay the costs of the proceedings and still provide for his or herself and any dependents "with the necessities of life." *Rowland v. Cal. Men's Colony*, 506 U.S. 194, 203 (1993).

Additionally, the affidavit must state the facts regarding the individual's poverty "with some particularity, definiteness and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (quoting *Jefferson v. United States*, 277 F.2d 723, 725 (9th Cir. 1960)). If an individual is unable or unwilling to verify his or her poverty, "the Court has the discretion to make a factual inquiry into a plaintiff's financial status and to deny their request to proceed *in forma pauperis*." *Cooke v. Harpum*, 2008 U.S. Dist. LEXIS 120074, 2008 WL 1859051, at *2 (N.D. Cal. Apr. 23, 2008). *See also Marin v. Hahn*, 271 F. App'x 578 (9th Cir. 2008) (finding that the district court did not abuse its discretion by denying the plaintiff's request to proceed in forma pauperis because he "failed to verify his poverty adequately"). To that end, if the court determines that an individual's allegation of poverty is untrue, "it shall dismiss the case." 28 U.S.C. § 1915(e)(2).

Here, Plaintiff has requested authority to proceed IFP and submitted the affidavit required by § 1915(a) asserting that he is unable to prepay fees and costs or give security for them. He represents that he: (i) is no longer incarcerated; (ii) has no take-home pay or wages; (iii) no money in cash or in a bank account; (iv) owns nothing of value, such as a car, real estate, stocks, or jewelry; (v) has no regular monthly expenses, such as housing, transportation, or utilities; and (vi) has no debts or financial obligations. *See* IFP Applications (Dkt. #5, #6). With regard to sources of income for the past 12 months, Plaintiff declares that he has received income from both "[b]usiness, profession, or other self-employment" and "other sources." *Id*. at 1. However,

Plaintiff failed to provide the required follow-up information by describing "each source of money," stating the amount he received, and what he expects to receive in the future. *Id.* Instead, Plaintiff only responded by saying "pending lawsuits on file." *Id.* As to whether he has any dependents, Plaintiff provides three names ("Infinite Master Magnetic," "Essence Trucasia Earth Magnetic," and "King Almighty Eternal Magnetic"),[2] but does not indicate how much he contributes to their support. *Id.*

The cursory statements provided in the IFP Applications do not allow the Court to verify Plaintiff's poverty; thus, the Court cannot determine whether he is eligible to proceed IFP. The Court will therefore deny the IFP Applications without prejudice and instruct the Clerk of the Court to mail Plaintiff a copy of the long form application (AO 239). Plaintiff shall have 30 days to submit the completed application.

Accordingly,

**IT IS ORDERED:**

1. Plaintiff's Applications to Proceed *In Forma Pauperis* (Dkt. #5, #6) are DENIED without prejudice.

2. The Clerk of the Court shall mail Plaintiff a copy of the long form application to proceed *in forma pauperis* (AO 239).

3. Plaintiff will have 30 days from the date this Order is entered, on or before **May 25, 2016**, to file the long form application to proceed *in forma pauperis* if he believes he can correct the noted deficiencies.

4. Alternatively, Plaintiff may pay the four hundred dollar ($400.00) filing fee on or before **May 25, 2016**.

5. Plaintiff's failure to comply with this Order by: (a) submitting the long form application to proceed *in forma pauperis* or (b) paying the filing fee before the

/ / /

/ / /

/ / /

---

[2] Plaintiff may have been attempting to state his aliases rather than dependents.

3

deadline will result in a recommendation to the district judge that this case be dismissed.

Dated this 25th day of April, 2016.

                                                                           _____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE

4